UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROBERT REPETTO, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 12-4108 |
| v. | : | MEMORANDUM OPINION |
| MAGELLAN HEALTH SERVICES/EAP, THE FEDERAL AVIATION ADMIN., ALISION JOHNSTONE, and MARIO FINKELSTEIN, | : | |
| Defendants. | : | |

This matter is before the Court on motion by Defendant Mario Finkelstein for summary judgment on Plaintiff Robert Repetto's claim of medical malpractice because Plaintiff allegedly failed to comply in a timely manner with New Jersey's Affidavit of Merit Statute, N.J. Stat. Ann. § 2A:53A–27.

The statute requires a plaintiff in a malpractice action against a licensed professional seeking "damages for personal injuries, wrongful death or property damage" to file "an affidavit of an appropriate licensed person [stating] that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices." N.J. Stat. Ann. § 2A:53A–27. The affidavit of merit must be filed within 60 days of the defendant filing its answer. Id. The court may extend this deadline an additional 60 days for good cause. Id. "Absent the plaintiff's showing of one of four limited exceptions, if the affidavit of merit is not filed within 60 (or 120) days, the failure to file requires dismissal of the action with prejudice. Id. § 2A:53A–29. The four limited exceptions are: (I) a statutory

exception regarding lack of information; (ii) a 'common knowledge' exception; (iii) substantial compliance with the affidavit-of-merit requirement; or (iv) 'extraordinary circumstances' that warrant equitable relief. See id. § 2A:53A–28; Ferreira v. Rancocas Orthopedic Assocs., 836 A.2d 779, 782–83 (N.J. 2003); Hubbard v. Reed, 774 A.2d 495 (N.J. 2001); Cornblatt v. Barow, 708 A.2d 401, 411–12 (N.J. 1998)." Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. Withumsmith Brown, P.C., 692 F.3d 283, 290 (3d Cir. 2012).

To determine whether the plaintiff has substantially complied with the statute, the court considers: (1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of petitioner's claim; and (5) a reasonable explanation why there was not a strict compliance with the statute. Galik v. Clara Maass Med. Ctr., 771 A.2d 1141, 1149 (N.J. 2001) (quotation omitted). "Satisfying those elements guarantees that the underlying purpose of the statute is met and that no prejudice is visited on the opposing party." Id.

In this case, Plaintiff filed the Complaint on July 3, 2012. [Doc. No. 1.] On October 2, 2012, he filed an Affidavit of Merit executed by Henry I. Spitz, M.D. [Doc. No. 17.] Because Dr. Spitz was not "board certified in addiction," Defendant Finkelstein objected to his qualifications to serve as an expert. (See October 16, 2012 letter from Thomas Decker to James DeZao, attached as Ex. C to Mot.) On December 4, 2012, Plaintiff served and filed an Affidavit of Merit of Kevin P. Cottrell, M.D. [Doc. No. 18.] Again, Defendant's counsel objected, stating that although Dr. Cottrell had "devoted a significant portion of his professional practice to . . . Addiction Medicine," it was not

2

clear that he was "board certified" as such. (See December 12, 2012 letter from Thomas Decker to James DeZao, attached as Ex. E to Mot.) On January 15, 2013, Plaintiff filed a Motion for an extension of time to submit an Affidavit of Merit. [Doc. No. 19.] The extension was granted on April 4, 2013. [Doc. No. 27.] Defendant Finkelstein filed his Answer on April 3, 2013, and Amended Answer on July 2, 2013. [Doc. No. 24, 40.] On August 14, he filed the instant motion for summary judgment, arguing that the latest date for Plaintiff to supply and Affidavit of Merit was August 1, 2013. [Doc. No. 44.]

At some point after Plaintiff obtained an extension of time to file an Affidavit of Merit, but before Defendant filed this motion, Plaintiff provided Defendant with the Curriculum Vitae of Joseph P. Cannavo, M.D. who, according to Defendant, possessed the requisite board certification, (see Ex. F to Mot.), but no Affidavit of Merit was supplied by Dr. Cannavo. On July 31, 2013, Plaintiff also provided Defendant with the Curriculum Vitae of Barry Roth, M.D., (see Ex. F to Mot.), but no Affidavit of Merit was submitted. According to Defendant, "Dr. Roth's qualifications [a]re sufficient for the purpose of executing an Affidavit of Merit." (Def. Mot. Stmt. of Facts, ¶ 14.)

In opposition to this Motion, Plaintiff submitted an Affidavit of Merit from a Louis A. Trevisan, M.D., dated August 22, 2013. (See Trevisan Aff., submitted as Ex. A to DeZao Certif. in Opp'n to Mot.) Dr. Trevisan is "Board Certified . . . with a Subspecialty Certification in Addiction Psychiatry." (Trevisan Aff., ¶1.) Plaintiff's attorney also submitted a Certification stating that he had "been trying for months to secure and produce an acceptable Affidavit of Merit in this case," and "has also been in regular contact with counsel for the Defendant, and indeed advised him that [Plaintiff's counsel's] office had finally located an appropriate expert and obtained a Certificate of Merit." (DeZao Certif., ¶ 3-4.)

The Court finds that Plaintiff has shown substantial compliance with the affidavit of merit requirement. He provided Defendants with a Complaint that was detailed enough to place them on reasonable notice of the asserted claims. Next, Plaintiff supplied an affidavit of merit at the outset of the case, although the moving Defendant deemed it insufficient because it was executed by a psychiatrist without a board certification in "addiction medicine," but this contributed to providing a reasonable notice of Plaintiff's claim. The Court has outlined the series of steps taken by Plaintiff in attempt to comply with the statute, and finds that Plaintiff generally has complied with the purpose of the statute. Finally, the Court finds that Defendant will suffer no prejudice in allowing Plaintiff to proceed with the affidavit of merit filed less than a month from the deadline Plaintiff has argued should be imposed.

The New Jersey legislature enacted the Affidavit of Merit Statute "as part of a tort reform package 'designed to strike a fair balance between preserving a person's right to sue and controlling nuisance suits.' " Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 579 (3d Cir. 2003) (quoting Palanque v. Lambert–Woolley, 774 A.2d 501, 505 (2001)). Plaintiff's efforts to satisfy the Affidavit of Merit requirement are in general compliance with that purpose.

Accordingly, the Court will deny Defendant Mario Finkelstein's motion for summary judgment on Plaintiff Robert Repetto's claim of medical malpractice. An appropriate order will issue.

Dated: January 23, 2014                               /s/ Joseph H. Rodriguez
                                                      JOSEPH H. RODRIGUEZ
                                                              U.S.D.J.